IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEANTE L. HOUSE,

Plaintiff,

v.

OPINION AND ORDER

AVIS BUDGET GROUP RENTAL CO.,
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., and
JOHN DOE,

26-cv-671-wmc

Defendants.

---

The court dismissed the original complaint filed by plaintiff Deante L. House, who is representing himself while in state prison, with leave to amend after determining that he failed to establish the requisite subject matter jurisdiction. (Dkt. #9.) Plaintiff has now filed an amended complaint, alleging that defendants Avis Budget Group Rental Company ("Avis"), Sedgwick Claims Management Services, Inc., and a John Doe Avis employee violated the Lanham Act, 15 U.S.C. § 1125(a), and state law by continuing to bill his credit card for the late return of a rented vehicle that was impounded after a "catastrophic collision" resulted in plaintiff's hospitalization. (Dkt. #10.) The court is required by W.D. Wis. Administrative Order 421 to confirm subject matter jurisdiction before issuing summons. (Dkt. #8.) For reasons explained below, the court must dismiss the amended complaint because plaintiff's allegations are insufficient to satisfy jurisdictional requirements.

## OPINION

Unlike state courts, which are courts of general jurisdiction, "[f]ederal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because federal jurisdiction is limited, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, plaintiff invokes the federal-question statute, 28 U.S.C. § 1331, which authorizes jurisdiction over a colorable claim "arising under" the Constitution or laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681-85 (1946). Plaintiff attempts to assert a claim for deceptive trade practices in violation of the Lanham Act, 15 U.S.C. § 1125(a), claiming that Avis engaged in false advertising. Specifically, plaintiff alleges that "Avis neglected their duty to recover the vehicle" after it was impounded, "then engaged in unfair trade practice by exploiting the incapacitated state of the Plaintiff, charging him for damage, late fees, and mileage, all in opposition to the [rental] agreement, and negating their own culpability for not seizing the vehicle as it was made available, prior to the required return date." (Dkt. #10, ¶ 13.)

"To state a claim for false advertising under the Lanham Act, a plaintiff must allege that: (1) the defendant made a false statement of fact about its own or another's product in a commercial advertisement; (2) the statement deceived or has the tendency to deceive a substantial portion of its audience; (3) the deception is likely to influence consumers' purchasing decisions; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, 370 F. Supp. 3d 873, 890-91 (N.D. Ill. 2019) (citing *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999)). Other than referencing a statement in the

rental agreement that purported include unlimited mileage, plaintiff does not identify a false or misleading statement made by Avis in a commercial advertisement that circulated in interstate commerce. Thus, plaintiff does not assert a plausible claim or establish that federal-question jurisdiction is proper under 28 U.S.C. § 1331.

Plaintiff, who has also asserted a claim under the Wisconsin Deceptive Trade Practices statute, Wis. Stat. § 100.18, as well as state common-law claims for false advertising, negligent misrepresentation, and "wrongful billing," next contends that jurisdiction is proper because there is diversity of citizenship for purposes of 28 U.S.C. § 1332. (Dkt. #10, ¶ 6.) To show that § 1332 applies, the party seeking to invoke federal jurisdiction has the burden to establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant." *Smart v. Local 702 Int'l Bhd. Of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Id.*

While plaintiff has alleged an amount in controversy that exceeds the statutory requirement, his allegations are insufficient to establish complete diversity because the amended complaint does not identify each party's citizenship. To begin, an individual's citizenship corresponds to the place where the individual is domiciled. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). Although plaintiff is currently incarcerated in Wisconsin, and describes himself as a Wisconsin "resident," domicile is different than residency and corresponds instead to "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). A prisoner's domicile and, thus, his citizenship, is presumed to be the state in which he was domiciled prior to his incarceration unless he expresses a desire to live elsewhere after he is released. *Bontkowski*

*v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Plaintiff has not provided this information. He has also failed to offer any information about the John Doe defendant, other than to say that he apparently works for Avis at its location in La Crosse, Wisconsin.

Even assuming that plaintiff is a Wisconsin citizen, he provides no information about the corporate defendants' citizenship. While plaintiff describes Avis as a corporation operating "in several states in the United States," with a location in La Crosse, the citizenship of a corporation for diversity purposes is determined by both the state where the corporation is incorporated and the state where the corporation maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiff provides no information about either the state of incorporation or Avis's principal place of business. Plaintiff similarly provides no information about defendant Sedgwick Claims Management Services, Inc. As a result, it is impossible to determine whether complete diversity exists.

The court previously dismissed plaintiff's original complaint after he failed to plausibly allege a claim over which the court had jurisdiction.[1] (Dkt. #9.) Plaintiff will be given one final opportunity to file a second amended complaint, which the court will screen for subject matter jurisdiction as required by Administrative Order 421 and to determine if it states a claim for relief. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). If plaintiff fails to file a second amended complaint within the

[1] Specifically, the court dismissed plaintiff's original complaint brought against defendant Avis Budget Group Rental Company under 42 U.S.C. § 1983, because plaintiff failed to show that it was a state actor for purposes of stating a plausible claim under that statute. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923-24 (1982); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009).

deadline set forth below, the case will be dismissed without further notice for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. The amended complaint filed by plaintiff Deante L. House (dkt. #10) is DISMISSED without prejudice, as set forth above.
2. Plaintiff shall have until December 21, 2026, to file a second amended complaint containing allegations sufficient to establish subject matter jurisdiction. Should plaintiff fail to plead jurisdiction adequately within the deadline, this matter will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) without prejudice to re-filing his suit in state court.

Entered this 20th day of November, 2026.

BY THE COURT:

/s/

WILLIAM C. CONLEY
District Judge